## Nory Dehlinger v. City of Chicago.

1. ORDINARY CARE—*Want of the Exercise of, Precludes a Recovery.*
—Where a lady is walking upon a plank sidewalk with her arms full of goods, and with knowledge of a defect in the walk, and, while not in the exercise of ordinary care for her personal safety, is injured in consequence of such defect, she can not recover.

2. INSTRUCTIONS—*If the Evidence is Equally Balanced.*—It is not error to instruct the jury that if the evidence is equally balanced they must find for the defendant.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

J. HENRY KRAFT, attorney for appellant.

ANDREW J. RYAN and GEORGE GORMAN, attorneys for appellee; ROBERTS, ROBERTS & OWENS, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages alleged to have been sustained by appellant in consequence of her stepping into a hole in a sidewalk on Washtenaw avenue in the city of Chicago. The plaintiff testified as follows:

"When injured I lived at No. 1417 N. Washtenaw avenue, with my folks. My father is Mr. Walsh; resided with him two years at 1417 N. Washtenaw avenue. January 16, 1899, I was coming from the store with my arms full of groceries, and I fell in a hole in the sidewalk on Washtenaw avenue, between Greenwood avenue and Humboldt boulevard, Chicago, Illinois, between 5 and 6 o'clock P. M. It was dusk.

The hole I fell in was as big as a sidewalk plank. My sister was with me; she helped me as far as the gate.

I lived about half a block from Greenwood avenue, and was injured about that distance from my home. The store I was going to was on corner Greenwood and California avenues, about two blocks from my home. It was a grocery and market; I regularly traded and bought all my groceries there. Went there every day, and in going there I passed over this same sidewalk. I did not always pass over it in

the night time. I passed over it in the day time. I could see the sidewalk, and knew of its condition. Lived with my husband on Washtenaw avenue at that time, and for more than one year prior to the accident.

On the sidewalk where I was hurt a board was out for two years, and I knew that it was out for one year. This was a wooden sidewalk about six feet wide. There were three stringers under the sidewalk, one on each side and one in the middle. The sidewalk had been raised some distance from the ground, and as I stepped in there my foot struck the ground. I went all the way down, and a distance to above my knee. I fell in a sitting position, with my left limb on the sidewalk. I had a bundle of groceries (eggs, sugar, etc.) in both arms, and my sister with me at the time, walking by me at my side. She passed over this same sidewalk and saw the hole."

The plaintiff's declaration contains the following:

"Whereof plaintiff, who was passing along said sidewalk in the exercise of due care and diligence for her own safety, and without knowledge of the existence of said hole in said sidewalk and the dangerous and unsafe condition thereof."

Not only was this allegation not proven, but the knowledge of the plaintiff of the defective condition of the walk was established by her own testimony.

Notwithstanding such knowledge, she, with her arms full of groceries, walked along with, so far as appears, no care to avoid the danger she had long known, and which, according to the allegation of her declaration, had then existed for two months.

The jury were fully warranted in finding that her injury was due to her failure to exercise ordinary care, and this, although it is the case that it does not necessarily follow from her knowledge of the dangerous condition of the walk, that she failed to exercise ordinary care. There was no evidence of the exercise of any care on her part, notwithstanding her knowledge of the danger.

The modification of the second instruction asked by appellant—to the effect that actual notice of a defect is not necessary where it has existed for so long a time that the city authorities in the exercise of reasonable care and pru-

dence ought to have discovered the fact, by adding thereto " in time to have repaired the same before the happening of the accident "—did no harm.  There was no contention of lack of timely notice by the city.  Nor do we perceive wherein the amendment was improper.

Instruction numbered 2½ asked by the plaintiff was properly refused.  The obligation of the city is to use reasonable care to keep its sidewalks reasonably safe for all persons using ordinary care; the instruction assumes that the walk was in the condition charged in the declaration.

There was no error in instructing the jury that if the evidence was equally balanced they must find for the defendant, nor in the instruction that they were not, in arriving at a verdict, to be influenced by sympathy for the plaintiff; nor were the jury improperly told that the city is not an insurer against accident.

The jury were not lawyers, and, however well gentlemen learned in the law may know these things, all laymen do not.

Upon the evidence the jury could reasonably have rendered no other verdict.

The judgment of the Circuit Court is affirmed.